## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEBORAH PATTERSON,

    Plaintiff,

      v.

THE HAYMAN COMPANY and
PINES AT CLOVERLANE LLC
D/B/A THE PINES OF
CLOVERLANE, jointly and severally,

    Defendants.

Case No. _____

Hon. _____
United States District Judge

Hon. _____
United States Magistrate Judge

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, MONETARY DAMAGES, AND JURY DEMAND

Now comes Deborah Patterson, through her attorneys, and Complains of

The Hayman Company and Pines at Cloverlane LLC d.b.a. The Pines of

Cloverlane as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction of the federal claim asserted

in this action under 28 U.S.C. § 1331 because the action arises under the Fair

Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq.

2.    Plaintiff's claims for declaratory and injunctive relief are authorized by

28 U.S.C. § 1343 because Plaintiff seeks damages and equitable relief under an Act

of Congress providing for the protection of civil rights.

1

3.      Venue is proper under 28 U.S.C. § 1391 because Defendants reside and conduct business in the Eastern District of Michigan.

4.      Plaintiff's claims are timely under the Fair Housing Amendments Act and there are no administrative prerequisites for filing this action.

## PARTIES

5.      Plaintiff Deborah Patterson is a Michigan resident who lives in Pittsfield, Michigan, in an apartment owned and operated by Defendants.

6.      Defendant The Hayman Company ("Defendant") is a Michigan Corporation with its principal place of business in Southfield, Michigan, which is in the Eastern District of Michigan.

7.      Defendant Pines at Cloverlane LLC d/b/a The Pines of Cloverlane is a Delaware Corporation registered to transact business in Michigan with its principal place of business in Southfield, Michigan, which is in the Eastern District of Michigan.

8.      Defendants own and operate the rental apartments complex known as The Pines of Cloverlane ("Cloverlane"), located in Pittsfield Township, Michigan, which is in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

9.      Ms. Patterson has continuously rented an apartment at Cloverlane for 29 years.

10.     Ms. Patterson pays for her rent with her income from disability benefits and with a Housing Choice Voucher subsidy, familiarly known as a Section 8 Voucher.

11.     Ms. Patterson is a person with a disability; specifically, she lives with from cerebral palsy, which necessitates the use of a wheelchair.

12.     Defendant is surely aware of Ms. Patterson's disability and Defendant's obligations to address it; In 1998 Ms. Patterson brought a Fair Housing Act action against the complex to make the entryway to her unit accessible through installation of an automatic door opener.

13.     Despite her disability, Ms. Patterson enjoys relative self-sufficiency and independence with help from home health aides.

14.     This independence is due entirely to the fact that, since 1998 and up until the present action, her apartment at Cloverlane has been accessible to and accommodating of her cerebral palsy.

15.     In November 2021, Defendants informed Ms. Patterson that she would be temporarily moved to an apartment across the hall so that renovations could be made to her apartment.

16.     Defendants moved Ms. Patterson to an apartment that was entirely inaccessible to and unaccommodating of her needs.

17.     Most significantly, Ms. Patterson cannot use the kitchen and bathroom sink of this inaccessible apartment by herself and would not be able to evacuate herself from her apartment in the event of an emergency.

18.     Defendants then required Ms. Patterson to sign a one-year lease for this new, inaccessible apartment.

19.     Despite repeated requests by Ms. Patterson's home health aides, accessibility accommodations were never provided to Ms. Patterson in her "temporary" apartment.

20.     During this period, Ms. Patterson had several falls and other risks to her safety from living in an apartment that was not accessible to her mobility needs.

21.     Ms. Patterson remained in the inaccessible apartment for several months before she had to be moved to a group home living facility so that she could live safely.

22.     During the time Ms. Patterson lived away from the inaccessible apartment at Cloverlane, she nonetheless paid her rent faithfully and on time.

23.     On or about July 2022, Ms. Patterson moved back into the inaccessible apartment at Cloverlane.

24.     Not long thereafter, Defendants informed Ms. Patterson her rent would unreasonably increase from $940.00 to $1500.00 per month.

25.     At the time that Defendants informed Ms. Patterson that they were raising her rent to $1500, they were telling other apartment seekers that a comparable apartment would cost several hundred dollars less.

26.     Defendants explained to Ms. Patterson that they had "grandfathered" her Housing Choice Voucher for a number of years, but would no longer honor her Housing Choice Voucher.

27.     Ms. Patterson receives disability benefits, including Social Security payments, and can only afford her apartment through the application of the Housing Choice Voucher.

28.     During the time Ms. Patterson relocated to the group home and after she returned to the inaccessible Cloverlane apartment, she and her care providers continuously lobbied Defendants to return her to an accessible apartment.

29.     On September 22, 2022, Ms. Patterson received a Notice to Quit from Defendants informing her that she would need to move out of her apartment by December 20, 2022.

30.     At no time prior to September 22, 2022, did Ms. Patterson receive a lease renewal notification.

31.     At that time, Defendants also informed Ms. Patterson that they had raised her monthly rent to $2,074.00 as a month-to-month rental because she had not responded to them about renewing her lease.

5

32.     On or about November 2022, upon Ms. Patterson's renewed request to be transferred to an accessible apartment, Defendant informed Ms. Patterson that no accessible units were available to rent to her.

33.     However, at the time they informed Ms. Patterson that no accessible units were available, Cloverlane had three accessible units available for rent.

34.     Defendants continue to refuse to rent Ms. Patterson an accessible apartment and continue to refuse to make accessible the apartment they moved Ms. Patterson into.

35.     Since at least November of 2022, Defendants have also ceased to provide a working automatic door for the building where Ms. Patterson lives, leaving her further endangered and obstructing the ability of others using wheelchairs from ingress and egress.

36.     In particular, Ms. Patterson's nephew, James Patterson, uses a wheelchair and has been impeded in his efforts to visit with his aunt because Defendants deinstalled the automatic door opener.

37.     Defendants were compelled to install this automatic door opener in 1998 as the result of the prior litigation by Ms. Patterson.

38.     Ms. Patterson has suffered severe emotional distress and the risk of significant physical injury from the inaccessibility of the unit.

39.     Defendants' sudden and excessive increases to Ms. Patterson's rent have also put her Housing Choice Voucher into jeopardy, because the rent Defendants have quoted to Ms. Patterson is above the limits governing rent subsidies in her area.

40.     On January 9, 2023, Defendant filed but did not serve a Notice to Quit to Recover Possession of Property in 14A District Court in Ann Arbor, Michigan (Case ID 2023-231C0048-LT) with the Honorable Cedric J. Simpson.

**FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT THROUGH FAILURE TO PROVIDE THE REASONABLE ACCOMMODATION OF ACCEPTING SECTION 8 VOUCHER**

41.     Plaintiff realleges and incorporates by reference here all of the allegations set forth above.

42.     Plaintiff is a person with a disability within the meaning of the Fair Housing Act.

43.     Defendants own and manage a dwelling within the meaning of 42 U.S.C. § 3602(b).

44.     It is unlawful discrimination to refuse "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

45.     Defendants have refused the reasonable accommodation of continuing to honor Plaintiff's Housing Choice Voucher for her monthly rent payment.

46.     The Housing Choice Voucher is necessary for Plaintiff because she relies on disability benefits and cannot afford to live in her home of 29 years without the rent subsidy.

47.     It is reasonable for Defendants to honor Plaintiff's Housing Choice Voucher because they have done so for years with no issues.

48.     It is reasonable for Defendants to honor Plaintiff's Housing Choice Voucher because, under information and belief, they are a large residential property management organization and accept such vouchers at other properties.

49.     Plaintiff has suffered significant mental and emotional pain, suffering, and humiliation, from Defendant's refusal to continue to accommodate/accept Plaintiff's Section 8 Voucher as monthly rent payment.

50.     Defendants have filed eviction proceedings in 14A District Court, solidifying their intention to evict Plaintiff from her home of 29 years and subject her to imminent homelessness.

51.     Therefore, Plaintiff is entitled to relief under 42 U.S.C. § 3613, including actual and punitive damages, injunctive relief, and reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT THROUGH FAILURE TO PROVIDE A REASONABLE MODIFICATION**

52.     Plaintiff realleges and incorporates by reference al of the allegations set forth above.

53.     Plaintiff is a person with a disability within the meaning of the Fair Housing Act.

54.     Defendant owns and/or leases dwellings within the meaning of 42 U.S.C. § 3602(b).

55.     It is unlawful discrimination to refuse to permit a reasonable modification of a dwelling occupied by a person with a disability if that modification "may be necessary to afford such person full enjoyment of the premises. . . ." 42 U.S.C. § 3604(f)(3)(A).

56.     It is also unlawful to force a person to move out of her accessible dwelling and not provide her with an accessible dwelling, whether the dwelling to which she was moved is a permanent or temporary change.

57.     Defendants required Plaintiff to move out of her accessible home and failed to provide her with an accessible apartment, which she needed to live safely.

58.     A housing provider who fails to act in a reasonable period of time to facilitate the requested modification has "constructively denied the request by

'stonewalling' and short-circuiting the process" and keeping the Plaintiff "in limbo."

*Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 622 (6th Cir. 2011).

59.    Defendants have effectively refused Plaintiff Patterson's requests over the past 14 months to return to her original, accessible apartment or to make her current inaccessible unit accessible.

60.    Defendants have also removed the automatic door opener to her building, which has made her apartment inaccessible to her without the assistance of an able-bodied aide.

61.    Plaintiff Patterson has suffered and continues to suffer pain and injury, along with humiliation from Defendant's refusal to grant her request to return her to her accessible apartment or make her current apartment accessible for her wheelchair and aid in her mobility and independence.

62.    Plaintiff enjoyed a great deal of independence when she lived in her accessible apartment, but now, because of Defendants' unlawful actions, she must have 24-7 care in her home to assist her with tasks she cannot perform because her dwelling is not accessible to her and to assist her with evacuation in the event of an emergency.

63.    Plaintiff risks grave harm, including the risk of falling and inability to evacuate in an emergency due to Defendants failure to grant her request for an accessible apartment.

64.     Defendants are aware of Plaintiff's need for these modifications and has been callous and deliberately indifferent to her physical pain, significant risk of injury, and the humiliation Defendants have caused her to suffer.

65.     Instead of making these necessary modifications, Defendants have filed, but did not serve, eviction proceedings in the 14A District Court, solidifying their intention to evict Plaintiff from her home of 29 years and subject Plaintiff to imminent homelessness.

66.     Therefore, Plaintiff is entitled to relief under 42 U.S.C. § 3613, including actual and punitive damages, injunctive relief, and reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION: MAKING RESPRESENTATIONS OR STATEMENTS REGARDING A DWELLING IN VIOLATION OF 42 U.S.C. § 3604(c), (d)

67.     Plaintiff realleges and incorporates by reference here all of the allegations set forth above.

68.     The Fair Housing Act makes it unlawful to "represent to any person because of … handicap … that any dwelling is not available for … rental when such dwelling is in fact so available." 42 U.S.C. § 3604(d).

69.     The Fair Housing Act makes it unlawful to "make . . . any . . . statement . . . with respect to the sale or rental of a dwelling that indicates preference, limitation, or discrimination based on . . . handicap . . . ."

70.     On or about September 2022, Defendants served Plaintiff Patterson with a Notice to Quit, incorrectly stating that she had failed to timely inform them of her intent to renew her lease.

71.     Thereafter, Defendants increased Plaintiff's rent by nearly $600.00, and advised her that her month-to-month rental rate would be over $2,000.

72.     Defendants also knowingly and intentionally represented to Plaintiff that they did not have accessible units available for rent, when they did have such units available.

73.     Defendants also knowingly and intentionally represented to Plaintiff that her rent would be far higher than they quoted to other apartment seekers for the same or equivalent unit.

74.     Defendants made these statements and misrepresentations because of Plaintiff's disability.

75.     Defendants made these statements and misrepresentations because they did not wish to continue to rent to Plaintiff because of her disability.

76.     Instead of allowing Plaintiff to rent one of the three available apartments, Defendants have initiated eviction proceedings against Plaintiff to evict her from her home of 29 years, subjecting her to imminent homelessness.

77.     Plaintiff Patterson is entitled to injunctive relief, preventing Defendant from refusing to rent an available accessible unit.

78.     Plaintiff Patterson is also entitled to actual and punitive damages and reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 3613.

## FOURTH CAUSE OF ACTION: INTERFERENCE WITH THE EXERCISE OF PLAINTIFF'S RIGHTS UNDER THE FHA, 42 U.S.C. § 3617

79.     Plaintiff realleges and incorporates by reference here all of the allegations set forth above.

80.     Plaintiff, through her care givers and through her own advocacy has been continuously asking Defendants to return her to an accessible apartment such as the apartment where she lived peacefully for so many years.

81.     Defendants have served, but have not filed, a Notice to Quit to Recover Possession of Property on Plaintiff as a means to punish her and interfere with her because she sought to exercise her rights under the Fair Housing Act.

82.     Plaintiff has suffered immense emotional distress at the prospect of imminent homelessness from being forced from her home of 29 years.

83.     Plaintiff will suffer grave, irreparable economic and emotional harm if she is forced out of her home.

## REQUEST FOR RELIEF

84.     Plaintiff Deborah Patterson seeks the following relief and remedies from Defendant:

> a.  A declaration that Defendants' actions have violated the above listed statutes;

b. Injunctive relief requiring Defendants to immediately return Plaintiff to original, accessible apartment, or to lease her a comparable, available accessible apartment, or to make the modifications to her current apartment that are necessary;

c. Injunctive relief preventing Defendants from following through with eviction proceedings against Ms. Patterson;

d. Actual damages;

e. Compensatory damages;

f. Punitive damages;

g. Reasonable Attorney's fees and costs; and

h. Any other remedies and relief the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands that this matter be tried before a jury.

Respectfully submitted,

PITT MCGEHEE PALMER BONANNI & RIVERS

By: */s/ Robin B. Wagner*_____
Robin B. Wagner (P79408)
Bayan M. Jaber (P85451)
Attorney for Plaintiffs
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
248-398-9800
248-268-7996 (fax)
rwagner@pittlawpc.com

Dated: January 17, 2023

## SIGNATURE AND VERIFICATION OF COMPLAINT BY PLAINTIFF

I declare under penalty of perjury that the facts stated in this Complaint are true and accurate to the best of my knowledge and information.

_____
Deborah Patterson

Signed on January 17, 2023.